In the Matter of Disciplinary Proceedings Against
Winston P. Brown, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Winston P. Brown, Respondent.

Supreme Court

*No. 2007AP432–D. Decided July 27, 2007.*

2007 WI 110

(Also reported in 735 N.W.2d 909.)

¶ 1. PER CURIAM. We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney

601

Winston P. Brown pursuant to SCR 22.12.[1] The parties stipulate that Attorney Brown admits to the facts and misconduct alleged in the OLR complaint and agrees that the appropriate level of discipline is a 90–day suspension of his license to practice law.

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Brown's misconduct warrants the suspension of his license. We accept the parties' stipulation that a 90–day suspension is appropriate discipline.

¶ 3. Attorney Brown was admitted to the practice of law in Wisconsin in 1973 and practices in Milwaukee. He has not previously been the subject of professional discipline.

¶ 4. Attorney Brown's misconduct arises from numerous trust account rules violations. Among his numerous failings, Attorney Brown failed to perform a reconciliation of his trust account between January 1, 2000, and May 12, 2004; failed to maintain complete trust account records; misrepresented to the OLR that he made notations on the client's ledger contemporaneously with deposits and disbursements; failed to identify on his deposit slips the client or matter associated with each deposit item; and failed to consistently identify the

---

[1] SCR 22.12 provides in relevant part: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

client matter and the reason for the disbursement on the memo line of all checks disbursed from the trust account after July 1, 2004.

¶ 5. In addition, between January 1, 2000, and October 31, 2005, Attorney Brown disbursed funds from his trust account before the deposit of funds from which the disbursement was made. He also deposited his personal funds in his trust account, deposited client funds in his office account, and allowed earned fees to remain in trust without disbursing them. Attorney Brown failed to hold client and third-party funds in trust by using client or third-party funds to pay checks in matters relating to other clients. Additionally, he failed to promptly notify clients of receipt of funds in which the client had an interest and deliver them to the client.

¶ 6. The parties stipulated that Attorney Brown engaged in conduct involving dishonesty, fraud, deceit and misrepresentation by informing the court that guardianship funds of a client were held in a separate guardianship account when the funds were actually being held in his pooled client trust account. Attorney Brown also dishonestly informed the court that he was holding $13,485.31 in trust and had a balance of funds in the account totaling $10,016.26, when he did not. Attorney Brown also engaged in dishonesty by informing the court that a bond payment of $300 was owed to Probate Bond Service when the $300 had already been paid.

¶ 7. Attorney Brown and the OLR stipulated that his misconduct gave rise to the following ten counts alleged in the OLR complaint. Count 1 charged that Attorney Brown's failure to perform any reconciliation of his trust account between January 1, 2000, and May 12, 2004, violated former SCR 20:1.15(e) (effective through

June 30, 2004).[2] Count 2 also alleged that Attorney Brown failed to maintain complete records of trust account funds in violation of former SCR 20:1.15(e) (effective through June 30, 2004). Count 3 alleged that in the course of an investigation, Attorney Brown willfully failed to provide relevant information or answer questions fully or furnish documents, and made a misrepresentation, contrary to SCR 22.03(6)[3]

[2] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(e) provided: Safekeeping property.

> (e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

[3] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

and 20:8.4(f).[4]

¶ 8. Count 4 of the OLR complaint alleged that by failing to identify the client or matter associated with each deposit item after July 1, 2004, Attorney Brown violated SCR 20:1.15(f)(1)d. (effective July 1, 2004).[5] Also, by failing to identify the client matter and reason for the disbursement on checks after July 1, 2004, Attorney Brown violated SCR 20:1.15(f)(1)e.1 (effective July 1, 2004),[6] as alleged in Count 5. Count 6 alleged that by disbursing funds from the trust account before the deposit was made on numerous occasions between January 1, 2000, and October 31, 2005, Attorney Brown failed to hold in trust separate from the lawyer's property, that property of clients in the lawyer's possession

---

[4] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[5] SCR 20:1.15(f)(1)d. provides: Record-keeping requirements for trust accounts.

> d. Deposit records. Deposit slips shall identify the name of the lawyer or law firm, and the name of the account. The deposit slip shall identify the amount of each deposit item, the client or matter associated with each deposit item, and the date of the deposit. The lawyer shall maintain a copy or duplicate of each deposit slip. All deposits shall be made intact. No cash, or other form of disbursement, shall be deducted from a deposit. Deposits of wired funds shall be documented in the account's monthly statement.

[6] SCR 20:1.15(f)(1)e.1 provides: Disbursement records.

> (1) Checks. Checks shall be pre-printed and pre-numbered. The name and address of the lawyer or law firm, and the name of the account shall be printed in the upper left corner of the check. Trust account checks shall include the words "Client Account," or "Trust Account," or words of similar import in the account name. Each check disbursed from the trust account shall identify the client matter and the reason for the disbursement on the memo line.

in connection with representation or when acting in a fiduciary capacity, contrary to former SCR 20:1.15(a) (effective through June 30, 2004),[7] and disbursed funds from the trust account prior to the deposit, contrary to current SCR 20:1.15(e)(5)a. (effective July 1, 2004).[8]

¶ 9. Count 7 of the OLR complaint alleged that by depositing his own personal funds in the trust account

---

[7] Former 20:1.15(a) provided: Safekeeping property.

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

[8] SCR 20:1.15(e)(5)a. provides: "Standard for trust account transactions. A lawyer shall not disburse funds from any trust account unless the deposit from which those funds will be disbursed has cleared, and the funds are available for disbursement."

606

on at least two occasions between January 1, 2000, and October 31, 2005, as well as allowing earned fees to remain in trust without disbursing them, Attorney Brown failed to hold in trust, separate from his own property, that property of clients and third persons in his possession in connection with representation or when acting in a fiduciary capacity, contrary to former SCR 20:1.15(a) (effective through June 30, 2004) and current SCR 20:1.15(b)(1) (effective July 1, 2004).[9]

¶ 10. Count 8 also alleged that by failing to hold client and third-party funds in trust by using client or third-party funds to pay checks issued in matters related to other clients on numerous occasions between January 2, 2000, and October 31, 2005, Attorney Brown failed to hold in trust separate from his own property, the property of clients and third persons in his possession in connection with representation or when acting in a fiduciary capacity, contrary to former SCR 20:1.15(a) (effective through June 30, 2004) and current SCR 20:1.15(b)(1) (effective July 1, 2004).

¶ 11. In Count 9, the OLR complaint alleged that by failing to promptly notify clients of receipt of funds in which the client had an interest, and deliver them to the client, Attorney Brown violated SCR 20:1.15(d) (effective July 1, 2004).[10] Finally, Count 10 alleged that

---

[9] SCR 20:1.15(b)(1) provides: Segregation of trust property.

(1) Separate account. A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[10] SCR 20:1.15(d) provides in relevant part: Prompt notice and delivery of property.

Attorney Brown's May 12, 2004, affidavit to the court in a guardianship matter made certain misstatements regarding a guardianship trust account and expenses not having yet been paid, demonstrating conduct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c).[11]

¶ 12. SCR 22.12 provides that if this court approves the stipulation it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. We adopt the findings of fact and conclusions of law to which the parties have stipulated regarding Attorney Brown's professional misconduct. We determine that a 90–day suspension of Attorney Brown's misconduct is warranted.

¶ 13. IT IS ORDERED that the license of Winston P. Brown to practice law in Wisconsin is suspended for a period of 90 days, effective the date of this opinion.

¶ 14. IT IS FURTHER ORDERED that Attorney Brown comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

(1) Notice and disbursement. Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[11] SCR 20:8.4(c) states that it is a professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."